IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAAFAR ALTALIBI,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER OF DETENTION<br><br>Case No. 2:22-CR-295-TS-JCB<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Appeal of the Magistrate Judge's Order of Detention. The Court conducted a hearing on February 8, 2023, to hear argument from the parties. Following the hearing, the Court took the matter under advisement. For the reasons described herein, the Court affirms the Magistrate Judge's Order of Detention.

I.   BACKGROUND

Defendant is charged as one of 14 defendants in a 15-count Superseding Indictment for (Count 1) Conspiracy to Distribute MDPV, α-PVP, and α-PHP in violation of 21 U.S.C. §§ 841(a)(1) and 846; (Count 2) Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h); (Count 4) Attempted Possession of α-PHP with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846; (Count 5) Attempted Possession of α-PHP with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846; (Count 6) Possession of α-PHP with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1); (Count 8) Distribution of α-PHP in violation of 21 U.S.C. § 841(a)(1); and (Count 14) Continuing Criminal Enterprise in violation of 21 U.S.C. § 848(a). Magistrate Judge Kohler conducted a detention hearing on December 7, 2022, and

ordered Defendant detained. On December 19, 2022, Defendant filed a Motion for Review of Detention by District Judge, and the United States filed a Motion seeking detention.

## II.     DISCUSSION

The Court considers Defendant's request for a review of the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1). The Court conducts a de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[1] In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under section 3142, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[2]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(A) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."

In this case, the Superseding Indictment charges Defendant with numerous crimes related to drug-trafficking and punishable under 21 U.S.C. § 841(b)(1)(C), which carries a maximum 20-

---

[1] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under section 3145(a) is de novo).

[2] 18 U.S.C. § 3142(b), (c), and (e).

year term of imprisonment. The Indictment constitutes probable cause that Defendant participated in the acts alleged.[3] Detention is, therefore, presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[4]

As stated, the burden of persuasion remains with the government. The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[5] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the factors enumerated it section 3142(g):

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[6]

---

[3] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[4] *Id.* at 1354–55.

[5] *Cisneros*, 328 F.3d at 616.

[6] 18 U.S.C. § 3142(g).

Defendant argues that the government cannot meet its burden in demonstrating he is a flight risk or danger to the community. In support, Defendant presents the following arguments.[7]

First, Defendant points to the Pretrial Risk Assessment (PTRA), which relies on data gathered from approximately 187,000 cases to create a "risk score" for each Defendant based on certain factors. Defendant points out that, according to the PTRA, only 5% of defendants falling in his risk category will fail to appear or have a new criminal arrest.

Second, Defendant cites his longstanding and significant ties to Utah. While Defendant was born in Iraq, Defendant has resided in Utah with his family for the last two decades. Members of Defendant's immediate family—including his wife, two young children, and parents—reside in Utah. Many members of his large, extended family also reside in Utah. Conversely, Defendant asserts that his ties to Iraq are minimal. Defendant has visited Iraq only three times over several decades, and each visit has been for a time period of only weeks, consistent with a typical vacation. Further, Defendant notes that, on his most recent visit to Iraq in 2022, he was well aware that he was being investigated by the government for drug trafficking, yet still returned home. Defendant argues, if he had intentions to flee as the government suggests, he would have done so at that time. He further argues he had ample opportunity to flee prior to his arrest, but did not do so. Law enforcement investigators made Defendant aware that he was under investigation in 2020, yet they did not take him into custody until August of 2022, giving him two years to effectuate any plans to flee. During this time, Defendant alleges he took no steps suggesting he had a plan to flee such as liquidating assets or buying property in other countries. Defendant also argues that if the government genuinely

---

[7] The arguments discussed herein are summarized from Defendant's Memorandum in Support of Pretrial Release (Docket No. 242) filed on November 30, 2022, and the arguments Defendant presented at the February 8 hearing.

believed Defendant to be a flight risk or danger to the community, they would have arrested him much earlier than they did.

Finally, Defendant cites his willing cooperation with law enforcement. He argues he provided law enforcement with information on others involved in the enterprise, often waived *Miranda*, gave details of his own involvement, and on one occasion consented to a search of his phone. Defendant also noted that, regardless of whether the information he provided helped the government's case, he has since been outed as a cooperator, limiting his ability to engage in further drug trafficking activities, and negating any alleged danger he would pose to the community through continued drug activities. Additionally, Defendant points out that the only individuals alleged to have worked for Defendant as a sub distributor are in custody, further limiting his ability to engage in drug trafficking activities.

Based on the above, Defendant has met his burden of production to rebut the presumption of detention. Thus, the burden remains with the government to prove risk of flight or dangerousness. However, the presumption remains a factor. Based on the requisite analysis of the section 3142(g) factors, the Court finds that the government has met its burden.

First, the Court considers the nature and circumstances of the offense charged, including whether the offense involves a controlled substance. Here, the Superseding Indictment charges defendant with numerous crimes related to drug trafficking. At the hearing, the government proffered that Defendant was the leader of an extensive drug trafficking operation, distributing large quantities of bath salts, among other drugs, for approximately a decade. The government noted the particularly lucrative and dangerous nature of bath salts. The government further proffers Defendant's drug enterprise was the most successful enterprise in the state of Utah and, as a result, Defendant acquired millions of dollars through his distribution efforts. Based on the

charges supported by this alleged criminal conduct, the government estimates that, if convicted, Defendant will face a range of 210 to 262 months' incarceration under the United States Sentencing Guidelines. Based on this proffered information, the Court's consideration of the nature and circumstances of the offense factor weighs strongly in favor of detention.

      Second, the Court considers the weight of the evidence. The Indictment provides probable cause that Defendant committed these offenses. Further, the government outlined for the Court the extensiveness of the investigation into Defendant, which included wire taps, confidential informants and cooperating witnesses, and the Defendant's own admissions, among other things. The weight of the evidence, therefore, weighs in favor of detention.

      Third, the Court considers the history and characteristics of the person. In Defendant's favor, he appears to have significant and extensive ties to Utah. He immigrated to the United States in 2006. He and his wife have raised their children in Utah and have otherwise made Utah their home. Both of Defendant's parents, along with siblings and many other relatives reside in Utah. Further, Defendant has no prior criminal convictions. However, weighing against Defendant, the government alleges that Defendant's smoke shop business was a major component to the Defendant's drug trafficking enterprise and has been for numerous years. Defendant, therefore, no longer has the ability to earn income from that business. Defendant alleges that he has training and experience in welding and could find employment in that field, if released. However, the government proffered that Defendant, through his enterprise, obtained large amounts of money—potentially millions of dollars—that remains unaccounted for in the government's investigation. The government further proffered that the Defendant deposited at least some funds into the "Hawala Network," wherein funds could be deposited in various investments or accounts in a manner that would not leave a paper trail. Based on this alleged

evidence, the government believes that the Defendant has access to significant financial resources outside of the United States, and considering the lengthy term of imprisonment he faces in the United States, has both the means and motivation to flee the country if released. On the whole, consideration of the above weighs in favor of detention.

Finally, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by the person's release. For reasons set forth above regarding the significant role Defendant played in distributing highly toxic substances throughout the community for approximately a decade, this factor weighs in favor of detention.

Defendant argues there are a number of conditions that will serve to mitigate the risk of his non-appearance, such as home detention, electronic monitoring, and surrendering of his and his family's passports. Further, his sister-in-law is willing to serve as surety in this case by allowing a property bond to be placed on her home, which she alleges has $260,000 of equity.[8] At the hearing, Defendant also suggested that restricting his use of internet-ready devices would sufficiently mitigate his ability to access any alleged hidden or foreign funds. The Court is not persuaded that such would reasonably assure Defendant's future appearance in light of the government's proffers regarding Defendant's significant financial resources. Even if the Court ordered that he not be allowed to have a device with Internet access, as Defendant suggests, this would not prevent him from borrowing a device from another or directing another to access the Internet to direct funds on his behalf. Further, where the source or location of the alleged

---

[8] The government alleges that the sister-in-law and owner of the house offered for property bond, also owns a number of other properties. It is not clear to the government if the house offered is a primary home, a secondary home, or merely an investment property. Further, the government believes any equity in home may be derived from drug proceeds.

unaccounted-for funds is not known, the Court cannot speculate that they could only be accessed or retrieved by the Internet.

Based on the above, the Court concludes that the government has proved, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of the Defendant. Therefore, the Court agrees with the Magistrate Judge and finds that pretrial detention in this matter is necessary.

### III.   CONCLUSION

It is therefore

ORDERED that the Magistrate Judge's Order of Detention (Docket No. 245) is AFFIRMED. It is further

ORDERED that the Motion for Detention (Docket No. 251) is GRANTED.

DATED this 10th day of February, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge